*NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| SOLOMON BLAY, | : : : | |
| | : | Civil Action No. 12-1381 (FLW) |
| Petitioner, | : : | |
| v. | : : | **OPINION** |
| UNITED STATES OF AMERICA, | : : | |
| Respondent. | : : : | |

**APPEARANCES**:

**SOLOMON BLAY**, Petitioner pro se
Essex County Correctional Facility
354 Doremus Avenue
Newark, N.J. 07105

**KATHLEEN PATRICIA O'LEARY**, Counsel for Respondents
Office of the U.S. Attorney
970 Broad Street
Suite 700
Newark, N.J. 07102

**WOLFSON**, District Judge:

Presently before the Court is the motion of Solomon Blay ("Petitioner") brought pursuant to 28 U.S.C. § 2255. Petitioner's motion is based on a claim of ineffective assistance of counsel. Respondent United States of America ("Respondent") moves to dismiss Petitioner's motion. For the following reasons, the Court dismisses Petitioner's motion as barred by the relevant statute of limitations.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Petitioner, born in Ghana, was a legal alien of the United States. (Pet. 4; Resp't's Br., PSR ¶ 114.) On March 14, 2008, Petitioner was arrested for his role in an identity theft conspiracy. (*Id.*) On December 12, 2008, Petitioner was charged with one count of conspiracy to commit credit card fraud, in violation of 18 U.S.C. § 1029(b)(2) and one count of aggravated identity theft, in violation of 18 U.S.C. § 1028A. (*Id.*) Pursuant to a written plea agreement with the Government, Petitioner pled guilty to count one of the indictment on December 22, 2009. (*Id.*)

On April 12, 2010, following the grant of the Government's motion for a down departure, Petitioner was sentenced to three years of probation. (*Id.* at 5.) Thereafter, the Department of Homeland Security found Petitioner eligible for removal and on or about December 13, 2011, an Immigration Judge denied Petitioner's Application for Asylum and for Withholding of Removal. (*Id.*) On January 4, 2012, Petitioner filed a motion to appeal *nunc pro tunc* in his original criminal case. (*U.S. v. Blay*, Crim. Action No. 08-910 (FLW), ECF. No. 101.) This Court denied Petitioner's motion and directed him to file a § 2255 petition. (*Id*. at ECF No. 104.) On February 21, 2012, Petitioner filed the instant petition pursuant to 28 U.S.C. § 2255. (ECF No. 1.) Petitioner argues that it was ineffective assistance of counsel for his attorney not to advise him that he would be deported if he entered in the plea agreement. He states that he would not have entered into such a plea agreement he had known the consequences. In its answer, Respondent argues, *inter alia*, that the motion is barred by the relevant statute of limitations.

## II. STANDARD OF REVIEW

Section § 2255 provides that:

> A prisoner in custody under sentence of a court established by Act
> of Congress claiming the right to be released upon the ground that
> the sentence was imposed in violation of the Constitution or laws of

2

> the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Unless the moving party claims a jurisdictional defect or a Constitutional violation, the moving party must show that an error of law or fact constitutes "a fundamental defect which inherently results in a complete miscarriage of justice, (or) an omission inconsistent with the rudimentary demands of fair procedure." *United States v. Horsley*, 599 F.2d 1265, 1268 (3d Cir. 1979) (quoting *Hill v. United States*, 368 U.S. 424, 429 (1962)).  Pursuant to 28 U.S.C. § 2255, there is a one-year period of limitation to file a motion that "begins to run on the date on which the defendant's conviction and sentence become 'final.'"  *Kapral v. United States*, 166 F.3d 565, 569 (3d Cir. 1999).

## III. DISCUSSION

### A. Timeliness

As provided by statute, a one-year period of limitation applies to motions brought under § 2255.  Specifically, § 2255(f) provides:

> The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims

>presented could have been discovered through the exercise of due diligence.

A "'judgment of conviction becomes final' within the meaning of § 2255 on the later of: (1) the date on which the Supreme Court affirms the conviction and sentence on the merits or denies the defendant's timely filed petition for certiorari; or (2) the date on which the defendant's time for filing a timely petition for certiorari review expires." *Kapral v. United States*, 166 F.3d 565, 577 (3d Cir.1999); *see also Clay v. United States*, 537 U.S. 522, 532, 123 S.Ct. 1072, 155 L.Ed.2d 88 (2003). If a defendant does not pursue a timely direct appeal, the conviction and sentence become final, and the limitations period begins to run on the date on which the time for filing such an appeal expired. *Kapral*, 166 F.3d at 577. In this case, Petitioner did not file an appeal and his conviction became final when his time to appeal expired on April 26, 2010. Under subsection (1), any § 2255 motion must have been filed by April 26, 2011, and Petitioner's motion, filed on February 21, 2012, is therefore untimely.

To the extent Petitioner argues that subsection (3) – a newly recognized right -- is the applicable provision for determining the limitations period for the instant petition, that argument also fails. In *Padilla v. Kentucky*, 559 U.S. 356 (2010), the Supreme Court found that counsel has a constitutional duty to inform his or her client whether a plea carries a risk of deportation. *Id.* at 1486. Subsequently, in the Third Circuit's decision in *United States v. Orocio*, 645 F.3d 630, 641 (3d Cir. 2011), the court held that "because *Padilla* followed directly from *Strickland* and long-established professional norms, it is an "old rule" for *Teague* purposes and is retroactively applicable on collateral review."

>The Third Circuit has not directly addressed whether *Padilla*, classified as an "old rule" in *Orocio*, could be classified as a "newly recognized right" for the purposes of 28 U.S.C. § 2255. As an "old rule," it appears it would not. Notably, even if the rule was

4

> considered "new" under *Teague*, the Third Circuit noted that *Padilla* would have to fit into the narrow exceptions listed by *Teague* in order for it to retroactively apply on collateral review. *Orocio*, 645 F.3d at 637 (citing *Teague*, 489 U.S. at 311).
>
> Regardless of whether *Padilla* is found to apply retroactively, for this matter it is important to note that the Supreme Court has rejected the argument that the one-year limitation in § 2255(f)(3) begins to run when the right has become retroactively applicable. *Dodd v. United States*, 545 U.S. 353, 357 (2005). In *Dodd*, the Supreme Court explicitly stated that, for the purposes of § 2255(f)(3), "[w]hat Congress has said in [2255(f)(3) ] is clear: An applicant has one year from the date on which the right he asserts was initially recognized by this Court." *Id.* The Supreme Court acknowledged that the holding in *Dodd* could lead to harsh results, but reasoned, "we are not free to rewrite the statute that Congress has enacted." *Id.* at 359.

*Antigua-Diaz v. U.S.*, 2012 WL 4194500, * 3 (D.N.J. Sep. 17, 2012). Recently, the Supreme Court determined that the rule announced in *Padilla* is a "new rule" and "under the principles set out in *Teague v. Lane*, 489 U.S. 288 (1989), *Padilla* does not have retroactive effect." *Chaidez v. U.S.*, --- S.Ct. ----, 2013 WL 610201, at * 10 (February 20, 2013). Based on the foregoing, any argument regarding the applicability of subsection (3) as a result of the *Padilla* decision fails as a matter of law.[1]

Finally, while he does not explicitly state such, it appears that Petitioner is arguing that subsection (4) is applicable because the limitations period could not begin to run until he was taken into custody by immigration officials. Prior to that time, Petitioner argues that he did not know that his counsel had given him defective advice.

Section 2255(f)(4) provides for the tolling of the one year limitations period until "the date on which the facts supporting the claim or claims presented could have been discovered through

---

[1] The Court notes that *Padilla* was decided on March 31, 2010, approximately one month before Petitioner's conviction became final. As such, the holdings of *Padilla* were applicable and available to Petitioner before his judgment was even entered.

5

the exercise of due diligence." Section 2255(f)(4) gives a petitioner the benefit of a later starting date of the limitations period only if vital facts could not have been known by the date that his conviction became final. In other words, the limitations period begins when the petitioner knows—or, through diligence, could discover—the important facts, not when the petitioner recognizes their legal significance. *See Schlueter v. Varner*, 384 F.3d 69, 74 (3d Cir. 2004) (addressing 28 U.S.C. § 2244(d)(1)(D)).

    Here, importantly, Petitioner had been put on notice that deportation was a possibility well before he was taken into custody by immigration officials and had he exercised "due diligence", he would have confirmed such. Specifically, at his plea hearing, the Court asked him "since you are not a citizen, do you understand that a plea of guilty may result in deportation after you complete your prison term?" Petitioner responded "yes." (*U.S. v. Blay*, Crim. Action No. 08-910 (FLW), Plea Tr. 21:13-15, Dec. 22, 2009, ECF. No. 60.) Moreover, in his affidavit, Petitioner's attorney from the criminal proceedings states that he "discussed with Petitioner the immigration consequences of accepting the government's plea offer and that his guilty plea would subject him to immigrations proceedings and removal from the United States by making him deportable." (Resp't's Br., Ex. 1, Aff. of John C. Whipple ¶ 3c.) In his reply, Petitioner does not dispute the fact that his attorney discussed potential immigration consequences of the plea, but instead argues that his attorney "failed to advise [him] that he would *certainly* be deported if he entered a guilty plea." (Pet'r's Reply 2, ECF No. 11) (emphasis added). At a minimum, by the time he was sentenced, Petitioner was put on notice of the potential immigration issues that might arise as a result of his plea and had he exercised "due diligence," he could have confirmed that deportation proceedings would be initiated by pleading guilty. As such, subsection (f)(4) does not apply to Petitioner, and he is not entitled a delayed start date for the one-year limitations period.

To the extent Petitioner is arguing that he is entitled to equitable tolling based his lack of knowledge as to how to proceed, his status as a *pro se* and his lack of sufficient law library time, those arguments are without merit. "Generally, [equitable tolling] will occur when the petitioner has 'in some extraordinary way ... been prevented from asserting his or her rights.'" *Id.* at 618 (quoting *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1387 (3d Cir. 1994)). "[A] statute of limitations should be tolled only in the rare situation where equitable tolling is demanded by sound legal principles as well as the interests of justice." *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999) (quotation omitted). Therefore, attorney error, miscalculations, inadequate research, and other mistakes of a similar nature are generally not considered sufficiently "extraordinary" to justify tolling in non-capital cases. *See, e.g., Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir.2001). In this case, Petitioner presented any circumstance that would entitled him to equitable tolling.

Based on the foregoing, the Court finds that Petitioner's conviction became final in April 2010 and any motion pursuant to § 2255 must have been filed by April 2011, in order to be considered timely. Since this petition was not filed until February 21, 2012, it is barred by the statute of limitation and will be dismissed.

**B. Ineffective Assistance of Counsel Claim**

Even if this Court were to consider the petition on the merits, Petitioner would not be entitled to relief. The Sixth Amendment[2] guarantees criminal defendants the right to effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771 n. 14, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970).

---

[2] The Sixth Amendment guarantees that, "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defense." U.S. Const. VI.

7

In order to succeed on a claim of ineffective counsel, Petitioner must satisfy the two prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, Petitioner must show that counsel's performance (viewed as of the time of counsel's conduct) was inadequate and "fell below an objective standard of reasonableness," in that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed [to] the defendant by the Sixth Amendment." *Id.* at 687–688. Petitioner must then show that the deficient performance prejudiced the defense. In other words, Petitioner must prove that there was "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

The U.S. Supreme Court reiterated that "[s]urmounting *Strickland's* high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 130 S.Ct. 1473, 1485, 176 L.Ed.2d 284 (2010). Because "[a]n ineffective-assistance claim can function as a way to escape rules of waiver and forfeiture and raise issues not presented at trial," the Supreme Court has admonished lower courts that the "*Strickland* standard must be applied with scrupulous care...." *Harrington v. Richter*, ––– U.S. ––––, ––––, 131 S.Ct. 770, 788 (2011). "It is 'all too tempting' to 'second-guess counsel's assistance after conviction or adverse sentence,'" however, "[t]he question is whether an attorney's representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom." *Harrington*, 131 S.Ct. at 788 (quoting *Strickland*, 466 U.S., at 690) (internal citations omitted).

In order to pass the prejudice prong, Petitioner must show, with reasonable probability, that but for the counsel's professional incompetence, the outcome of the proceeding would have been different. *Id.* at 694. "It is not enough for the defendant to show that the errors had some

8

conceivable effect on the outcome of the proceeding. Virtually every act or omission of counsel would meet that test." *Id.* at 693. For plea agreements, "the defendant must show there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Missouri v. Frye*, –– U.S. ––, ––, 132 S.Ct. 1399, 1409 (2012) (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). The Third Circuit has stated "that a defendant 'must make more than a bare allegation that but for counsel's error he would have pleaded not guilty and gone to trial.' " *Rice v. Wynder*, 346 F. App'x 890, 893 (3d Cir. 2009) (citing *Parry v. Rosemeyer*, 64 F.3d 110, 118 (3d Cir. 1995).

In the instant matter, with regard to the first prong, as noted above, the Court advised Petitioner at the time of his sentencing regarding the possibility of deportation (*U.S. v. Blay*, Crim. Action No. 08-910 (FLW), Plea Tr. 21:13-15, Dec. 22, 2009, ECF. No. 60) and Petitioner's attorney discussed with him the fact that his guilty plea would make him deportable (Resp't's Br., Ex. 1, Aff. of John C. Whipple ¶ 3c). While it is this Court's opinion that counsel's advice in that regard was sufficient under *Strickland*'s analysis of prejudice, it is unnecessary for the Court to make that determination. More importantly, Petitioner's bare assertion that he "would not have entered into the foregoing plea and would have gone to trial" if not for the fact that his attorney failed to "accurately inform [him] of the grave immigration consequences of taking a plea in this matter" (Reply, Pet'r's Aff. ¶¶ 5 & 7), is not sufficient to show that there was a reasonable probability that Petitioner would not have pled guilty. *See Rice*, 346 F. App'x at 893 (3d Cir. 2009). Rather, Petitioner received a sentence less than the minimum because of his cooperation with the Government and this Court's decision to depart from the guidelines. (Resp't's Br. at 3.) Accordingly, Petitioner cannot meet the second element of the *Strickland* test.

**IV. CERTIFICATE OF APPEALIBILITY**

Pursuant to 28 U.S.C. § 2253(c)(1)(B), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2255.  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Here, Petitioner failed to make a substantial showing that his constitutional rights have been violated.  As such, no reasonable jurists would disagree with this Court's resolution of Petitioner's claims and no certificate of appealability will issue.

**V. CONCLUSION**

For the foregoing reasons, Petitioner's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 is hereby denied.  An appropriate order shall follow.


Dated: March 18, 2013

Freda L. Wolfson  
FREDA L. WOLFSON  
United States District Judge